Dr.ake, Ch. J.,
delivered the opinion of the court:
In the naval appropriation act of August 5. 1882, (22 Stat. L., 284, 287, ch. 391,) is found the following clause:
“And all officers of the Navy shall be credited with the actual time they may have served as officers or enlisted men in the regular or volunteer Army or Navy, or both, and shall receive all the benefits of such actual service in all respects in the same manner as if all said service had been continuous and in the regular Navy: Provided, That nothing in this clause shall be so construed as to authorize any change in the dates of commission or in the relative rank of such officers.”
And in the naval appropriation act of March 3. 1883, (22 Stat. L., 472, ch. 97,) is found the following clause:
“And all officers of the Navy shall be credited with the actual time they may have served as officers or enlisted men in the regular or voluuteer Army or Navy, or both, and shall receive all the benefits of such actual service in all respects in the same manner as if all said service had been continuous and in the regular Navy in the lowest grade having graduated, pay held by such officer since last entering the service: Provided, That nothing in this clause shall be so construed as to authorize any change in the dates of commission or in the relative rank of such officers: Provided further, That nothing herein contained shall be so construed as to give any additional pay to awy such officer during the time of his service i/n the volunteer army or navy.”
Under this last clause the questions of law arise which we are called upon to decide.
It will be observed that the two clauses are identical in terms, except that to the second were added the words in italics. To that clause we must, therefore, address our consideration; for it is the last expression of the legislative will.
The claimant contends that this clause is retroactive in its operation, and has the same effect in bestowing benefits on him, as if it had been in operation before he entered the regular navy; and that one of those benefits was to allow him, from the time he was appointed boatswain, a higher rate of pay than, by the navy pay table, he would be entitled to, if his pay were computed from the date of his appointment to that office.
*618 On the other hand, the defendants insist on the well understood rule that, as a general proposition, every law must be held to be only prospective in its operation; and that no law should be held to be retroactive, unless the intent to make it so be clearly manifested by its terms.
Conceding this, we think it manifest on the face of the clause that it was meant to be retroactive; aud it is not for the government to object to the character which itself has given to its own legislative grant of benefits to its own officers. It is, we think, quite impossible for the claimant to u receive all the benefits ... in all respects,” which the clause intends him to receive, if the clause should be held to be prospective only in its operation.
Since July 15, 1870, the pay of a boatswain in the Navy has been graduated by periods of three years “ after date of appointment.,” as follows:

At these rates the claimant has been paid from the date of his appointment as boatswain, having had no credit in the computation of his pay for the four years five months and three days of his service in the volunteer navy.
The question then is, whether he is entitled to more pay than he has received, and if so, how much.
The answer to this is connected with the words “ shall receive all the benefits of such actual service in all respects in the same manner as if all said service had been continuous and in the regular navy.”
What is meant there by the word benefits ? We believe there is no difference of opinion that it might fairly be considered to include three things: 1. Higher rank, resulting from greater length of service; 2. Earlier period of retirement on the officer’s own application after forty years’ service, as authorized by section 1443 of the Revised Statutes; and 3. Increase of pay.
*619 The first proviso in the clause puts aside the matter of rank, by prohibiting “any change in the dates of commission or in the relative rank of such officers,” as a result of their being credited with their volunteer service. So far, therefore, as this clause is concerned, the claimant, asjelsewhere provided by law, takes rank simply by the date of his warrant, and in the matter of rank receives no benefit from this clause.
The matter of retirement is not before us, nor can it be before the Executive until the claimant, at the end of forty years’ service, applies to be retired.
The sole question then is, as to the effect, if any, of this clause upon the claimant’s pay.
If, as in former years, a boatswain’s pay were a fixed sum, with no provision for its increase by length of service, then, or course, the credit for volunteer service would be no benefit to him in the matter of pay.
But, as we have seen, a boatswain’s pay is graduated by his length of service after the date of his appointment, increasing with every three years’ period of service up to twelve years, after which one more, and the final, increase of pay takes place.
It is contended that, inasmuch as the law establishes those grades of pay, and the clause in question does not expressly declare that credit for volunteer service shall give title to increased pay, therefore it was not the intention of Congress to authorize any such increase. This position does not seem to us to be tenable, for several reasons.
1. If it be true, it cuts off all benefits resulting from credit for volunteer service, except the far distant one connected with the officer’s retirement; which he may not live long enough to avail himself of. 2. If the clause can fairly be considered to imply a right to increased pay, that implication is as much a part of it as what is expressed. (United States v. Babbit, 1 Black, 55; Gelpcke v. Dubuque, 1 Wallace, 175.) 3. The second proviso of the clause seems to us to justify the implication that the legislature did intend that one of the benefits to result from credit for volunteer service should be increase of pay, at such time and to such extent as the length of that service should be found to authorize. That proviso says—
“ Nothing herein contained shall be so construed as to give any additional pay to any such officer during the time of his service in the volunteer army or navy.”
*620 The presence of this proviso puts it beyond question that Congress had before them, when the clause was pending, the matter of its effect on the question of pay. We are not at liberty to assume that, with that before them, they took note of only one aspect of it; but must suppose that they saw it in all its bearings, and intelligently knew what they were doing, and what they were leaving undone. If it was their intention not to allow an officer appointed in the regular navy any increase of regular navy pay, on account of volunteer service credited to him, nothing more was needed to effect that object, than to strike out of the proviso all after the word “officer.” The prohibition would then have been complete, not only as to future service in the regular navy, but as to past volunteer service. When, therefore, they limited the proviso to the mere point of forbidding the allowance of additional pay for the time of the volunteer service, it seems to us fairly to indicate their intention that the officer should in the regular navy, have whatsoever benefit, in the matter of pay, would legitimately result from givinghim credit for his volunteer service. Nothing less than this would, in our judgment, meet and fill the previous words “ all the benefits ... in all respects.”
If this view be correct, it only remains to see what the benefit is, and when it accrued.
The act declares that theofficer shall receive the benefits of his service in the volunteer navy “ as if all said service had been continuous and in the regular navy in the lowest grade having graduated pay held by such officer since last entering the service.” This language is very explicit, and under it we are clear in holding that the only way to meetits requirements is to treat the claimant, so far as pay is concerned, as having been boatswain four years, five months, and three days before the date of his appointment as such; in other words, to regard him, pro hae vice, as having been warranted boatswain September 8, 1866.
The result of this view is, that he must be considered as having, when appointed boatswain, already served through the first triennial period of graduated pay, and as being entitled, from the date of his warrant, to the pay of the second period.
A further result is, that in each succeeding three-year period after the date of his appointment he was entitled to the pay of the grade next above that.
*621 Throughout his service as boatswain he has been paid only-according to the grade of pay computed from the date of his appointment, as such.
He is entitled to the difference between the two grades of pay, which we find to have been, from February 11.1871 to February 11.1883, $2,184.63.
For that sum judgment in his favor will be entered.