Richakdson, Oh. J.,
delivered the opinion of the court:
The Act of March 3, 1883, chapter 97 (22 Stat. L., 472, 473) provides that u all officers of the Navy shall be credited with the actual time they may have served as officers or enlisted men in the regular or volunteer Army or Navy, or both, and shall receive all the benefits of such actual service in all respects in the same manner as if all said service had been continuous, and in the regular Navy in the lowest grade having- graduated pay held by such officers since last entering the service.”
The claimant brings this action to recover the amount due him on account of the additional credit allowed by this provision. (Hawkins’ Case, 19 C. Cls. R., 611; Bradbury’s Case, 20 id., 187; Rockwell's Case, 21 id., 332.)
Two computations, set out in the findings, have been furnished by the Treasury Department, which the parties accept as correctly made upon the different constructions of the act as contended for on the one side and the other. The larger sum includes credit for the time while the claimant was a paymaster’s clerk, and is the amount demanded by him. The smaller sum omits that credit, and is the amount which the defendants contend is all that is due him.
The issue raises the single question of law, whether or not a paymaster’s clerk is an officer in the Navy within the meaning of said act.
Article 2, section 2, of the Constitution declares that the President “ shall nominate, and by and with the advice and consent of the Senate, shall appoint ambassadors, other public ministers and consuls, judges of the Supreme Court, and all other officers of the United States, whose appointments are not herein provided for, and which shall be established by law.”
There is no doubt but that all persons thus appointed are officers of the United States of the highest and most pronounced type, but other persons in the employment of the Government and notso appointed are, by statutes and departmental regulations, in some cases called and recognized as also officers. The. word is frequently used in a broader sense than the technical one fixed by the constitutional method of appointment, and thatuse of it is occasionally found in statutes, in opinions of the Supreme and other Courts, and in the regulations and orders of the Navy Department.
*141 In the case of Germaine (99 U. S. R., 508), relied upon by the defendants, the Supreme Court held that civil surgeons appointed by the Commissioner of Pensions to make examination of pensioners when necessary, and to be paid by fees in each case of examination, were not officers of the United States within the meaning of section 12 of the Act of 1825 (4 Stat. L., 118), which provided that “ every officer of the United States who is guilty of extortion under color of his office shall be punished by a fine,” &c. The court took into consideration, however, in the opinion of Mr. Justice Miller, not only the fact that the surgeon was not appointed as provided by the Constitution, upon which the opinion mainly rests, but also the nature of his employment and the circumstance that the statute under which he was convicted was a penal one, which, of course, by the well-established rules of construction, required a strict interpretation. It is there said:
“ If we look to the nature of the defendant’s employment, we think it equally clear that he is not an officer. In that case [United States v. Hartwell, 6 Wall., 385] the court said the term embraces the idea of tenure, duration, emolument, and duties, and that the latter were continuing and permanent, not occasional or temporary. In the case before us, the duties are not continuing and permanent, and they are occasional and intermittent. The surgeon is only to act when called upon by the Commissioner of Pensions in some special case, as when some pensioner or claimant of a pension presents himself for examination. He may make fifty examinations in a year, or none. He is required to keep no place of business for the public use. He gives no bond and takes no oath, unless by some order of the Commissioner of Pensions, of which we are not advised.”
In the case of Reed (100 U. S. R., 13), where a paymaster’s clerk was tried and convicted by a court-martial under one of the articles for the government of the Navy, it was necessary only to determine whether or not the defendant was “a person in the naval service, but Mr. Justice Swayne, in the opinion of the court, uses this significant language:
“The place of paymaster’s clerk is an important one in the machinery of the N avy. Their appointments must be approved by the commander of the ship. Their acceptance and agreement to submit to the laws and regulations for the government and discipline of the Navy must be in writing, and filed in the Department. They must take an oath and bind themselves to serve until discharged; they are required to wear the uniform of the service; they have a fixed rank and they may be *142 come entitled to a pension and to bounty land. If these officers are not in the naval service, it may well be asked who are.”
These opinions strongly imply that there may be persons in the employment of the Government who from the tenure of service, nature of employment, and duties, may be known and styled as officers for some purposes and in some connections, though not technically so by appointment under the provisions of the Constitution.
We are now dealing with a remedial statute and the claimant is entitled to a liberal interpretation, giving to the language as broad meaning as Congress may be presumed to have used it in connection with the subject-matter; and we may take into consideration other statutes on the same subject, as well as the practice of the Navy Department to which it relates, without being confined to that technical accuracy in the meaning of words which is required in penal statutes. (Farden’s Case, 13 C. Cls. R., 352, affirmed on appeal.)
We find in the Navy a class of officers called “ petty officers,” recognized as such by the statutes (Rev. Stat., § 1410), but without any statute provision as to how they shall be appointed. By the regulations they are appointed by or with the approval of the commander of the vessel on which they are employed. We hardly think any one would doubt that such officers are entitled to the benefits of the act we are now considering.
The same section of the Revised Statutes (§ 1410) which defines who are petty officers also most clearly classes clerks as officers not holding commissions or warrants, and, not entitled to them, but still officers of the Navy. It provides that “ all officers not holding commissions or warrants, or who are not entitled to them, except * * * secretaries and clerks, shall be deemed petty officers.” * * *
-u An exception must be part of the thing previously described and not of some other thing. (Bouvier’s Law Dictionary.)” Excepting clerks, therefore, from those officers who would otherwise be petty officers, leaves them classed among the officers previously described.
If we consider the appointment, nature of service, and duties, we find that paymasters’ clerks are regularly appointed by and with the approval of superior officers (Navy Regulations of 1876, § 3, par. 9, p. 95), that they receive annual salaries fixed *143 by statute (Rev. Stat., § 1056), take au oath, have continuing and permanent duties until discharged by the same power that appoints them, and otherwise come within the idea implied by the term officers as described by Mr. Justice Miller, in the Germaine Case.
In the Navy Regulations, of which we take judicial notice, those of 1865, clerks were expressly enumerated under the title of 11 Line and staff officers with their relative rank,” and in rank were classed with midshipmen. (Art. 2, pars. 5, 22.)
In the more recent regulations of, 1876 they seem to have no classification. But in several orders and official papers of the Secretary of the Navy they are referred to and treated as officers. In two orders set out in the findings they are expressly so designated, and by letter from the Secretary to the Fourth Auditor, under date of February 9,1882 (Finding III), they are held subject to the provisions of Revised Statutes (§ 4808), which are as follows:
u Sec. 4808. The Secretary of the Navy shall deduct from the pay due each officer, seaman, and marine in the Navy, at the rate of twenty cents per month for each person, to be applied to the fund for Navy hospitals.”
They are subject to this tax because they are held to be officers of the Navy, and if they are so held for the purpose of taxation for the support of Navy hospitals, they ought to be so held for the purpose of receiving benefits under the longevity statute which confers such benefits upon “ all officers of the Navy.”
In the case of In re Bogart, tried in the Circuit Court, district of California, Judge Sawyer considered the position in the Navy of a paymaster’s clerk, and in his opinion thus refers to it:
“ Was the petitioner, while a clerk of a paymaster in the Navy, on duty in the manner before stated, a person in the naval forces of the United States within the meaning of this act ? It is contended on his behalf that he is not. But upon this point we entertain no doubt. He was not merely an em-ployé or servant of the paymaster, but, on the contrary, as we have seen from the regulations of the Navy, set out in the statement of facts,.he toas an officer in the Navy. He received his position by appointment, which appointment was required to be approved by the commander of the ship. He was required to give a written acceptance, in which he bound himself to be subject to the laws, regulations, and discipline of the Navy, *144 which acceptance is required to be filed in the Department. He was required to qualify by taking an oath, and to expressly engage to serve till regularly discharged; and this could only be done by the appointing power, approved in the same manner as his appointment had been approved.
“ He was an officer of the same class as the paymaster himself, the surgeon, engineer, &c., viz, a staff officer; and he ranked with midshipmen, who are line officers.” (3 Sawyer C. C. R., 407.)
In our opinion the benefits allowed by the act of 1883 to officers of the Navy apply qot only to those who are strictly and technically such by appointment as provided by the Constitution, but to all who are.called, recognized, or treated as such by the statutes, the regulations, or the practice of the Navy Department, and that paymasters’ clerks are among the latter class.
The claimant is entitled to credit for the time he was paymaster’s clerk, and will have judgment for the sum computed upon that interpretation $8,178.01.
Nott, J.:
I am of the opinion that the claimant should recover for the reasons set forth in his counsel’s brief.