Davis, J.,
delivered the opinion of the court:
After a service as enlisted man in the Navy of something over six years, claimant was appointed a gunner. This position he held for some six years, when he resigned, and after the lapse of a year and eight months he was re-appointed a gunner. This occurred in December, 1869, and under the law as it then existed he was not entitled to any increase of pay because of service prior to his resignation. By authority of the acts of August 5, 1882, and March 3, 18S3, the accounting officers have credited claimant with this previous service of twelve years* and over, but have allowed this credit only upon his second warrant. In other words, they have interpreted these statutes to mean that from December 27, 1S69, claimant is entitled to the extra pay upon the theory that then he had been twelve years and over continuously in the service. It is, however, urged by claimant that the effect of the two acts is such as to entitle him to credit on his first service as gunner for the period of six years and over, during which he was an enlisted man. This Contention is denied by the defendants, and thus is presented the issue in which a sum is claimed as that which claimant would have received if he had not been denied “ all benefit of longevity increase of pay on his first period of service as gunner, resulting from the application to said period of the time of his service as an enlisted man.”
The case turns upon the interpretation of the Act March 1883 (22 Stat. L., 473). This act provides:
“ And all officers of the Navy shall be credited with the actual time they may have served as officers or enlisted men in the regular or volunteer Army or Navy, or both, and shall receive all the benefits of such actual service, in all respects in the same manner as if all said service had been continuous and *92 in the lowest grade having graduated pay, held by such officer since last entering the service.”
It is urged on behalf of the claimant that the words “ the lowest grade having graduated pay, held by such officer since last entering the service” are merely descriptive of tho grade on which an officer’s credit for service is to be computed, and not a limitation of such credit to any particular period of service, and that in this case the meaning of the clause is expressed by putting in its place the words “ the grade of gunnerthat the purpose of the act is to give to claimant credit for the actual time he served, and the right to receive all the benefits of such actual service in all respects in the same manner as if all said service had been continuous and in the grade of gunner. Further, it is argued that the act of 1882 directed all service to be computed as though continuous, thus closing any gaps in the service of gunner, so that when the act of 1883 made it possible to credit enlisted service by providing a grade upon which it was to be computed it intended that credit should be given during all the time the claimant held such grade, whether he held it continuously or not.
On the other hand, defendants urge that claimant is entitled to have credit now for his whole service as if continuous, but that he has no present status in the Navy which dates back of his last entry into the service.
The act of 1883 gives officers of the Navy credit for the actual time they have served; this is the first provision, and its effect is to close gaps in service not continuous. Next, it directs that such officers shall receive all the benefits of actual service in all respects as if it had been continuous and in a certain grade. As to this grade there can be no question in this case, for the lowest and only grade held by the claimant since last entering the service is that of gunner.
Therefore we have only to discover what “all the benefits” are “in all respects” of his actual service “in the same manner as if all said actual service had been continuous ”; that is, whether the statute is retroactive and operates to increase his pay during his first service as gunner — it not being denied that at the time of this serviceclaimant received all that the statutes then in existence permitted to be paid him.
These statutes (August 5, 1883, and March 3, 1883) received *93 construction by this court in Hawkins v. The United States (19 C. Cls. R., 611). Claimant, a boatswain in the Navy, had, prior to his appointment as such, been a master’s mate in the volunteer service; he contended that the act of 1883 was retroactive and had the same effect in bestowing benefits on him as if it had been in operation before he entered the regular Navy, and “that one of those benefits was to allow him, from the time he was appointed boatswain, a higher rate of pay than by the Navy pay-table he would be entitled to if his pay were computed from the date of his appointment to that office,” and the court said (p. 618):
“ We think it manifest on the face of the clause that it was meant to be retroactive; and it is not for the Government to object to the character which itself has given to its own legislative grant of benefits to its own officers. It is, we think, quite impossible for the claimant to “ receive all the benefits * * * in all respects ” which the clause intends him to receive, if the clause should be held to be prospective only in its operation.”
It will be noticed that Hawkins asked increased pay only from the date of his warrant as boatswain; he did not attempt to go back of that to his first service and claim greater compensation during that period than he then received, as does this claimant. Hawkins, however, could make no such claim, as his first service was in the volunteer Navy, and the proviso in the act of 1883 prohibited any construction of it which should give additional pay to a volunteer officer during his service in the volunteer Army or Navy.
In Rockwell’s Case (21 O. Cls. B., 332), while construing the same statutes, this court said (p. 337):
“ That additional pay was expected to follow the credit for length of service is evident from the last proviso, which is that ‘ nothing herein contained shall be so construed as to give any additional pay to any such officer during the time of his service in the volunteer Army or Navy,’ thus implying that it was to be given in other cases. (See also 120 IJ. S. B-, 60.)”
The precise point in the case at bar was not presented in either of the cases cited, and while the construction is not free from doubt we are of opinion that the claimant’s contention is correct. The law gives him all the benefits, in all respects in the same manner as if all the service had been continuous.
Foster had three periods of service: one as enlisted man, *94 two as gunner. The act of 1882 directed all his service to be computed as though it had been continuous; the act of 1883 provided a grade upon which his enlisted service was to be computed, to wit, in this case that of gunner, and we think intended that he should receive credit during all the time he was gunner.
In reaching this conclusion we give great weight to the proviso in the act of 1883, which in terms prohibits allowance of additional pay to a volunteer officer during volunteer service; from this it is not unreasonable to infer that the Congress understood the act to be retroactive to the extent herein claimed and expressly excepted volunteers from the benefit granted to regular officers of additional pay during the time of their service in the regular Army or Navy. Any other construction would fail to give any force or value to this proviso.
Judgment for claimant in the sum of $1,393.40.