# UNITED STATES *v.* FOSTER.

### APPEAL FROM THE COURT OF CLAIMS.

No. 1162. Submitted November 5, 1888. — Decided November 19, 1888.

The longevity acts of 1882, 1883, 22 Stat. 284, 287, c. 391; 473, c. 97, do not authorize a restatement of the pay accounts of an officer of the navy who served in the regular or volunteer army or navy, so as to give him credit in the grade held by him, prior to their passage for the time he served in the army or navy before reaching that grade.

THIS was an appeal from a judgment against the United States in favor of the plaintiff, Foster, for the sum of $1393.40,

as the amount due him under what is known as the longevity. acts of Congress.

Prior to November 28, 1861, he served in the navy as an enlisted man for six years and forty days; and he served as gunner in the regular navy from November 28, 1861, until April 14, 1868, a period of six years and 145 days, when he resigned. He was reappointed gunner December 27, 1869, since which date he served continuously in that capacity. Under the longevity acts of 1882 and 1883; 22 Stat. 284, 287, c. 391; 473, c. 97, he has been allowed credit, for prior services only upon his second warrant as gunner, and he has been credited upon *that* warrant with twelve years and 185 days, the entire period of his service, as enlisted man and gunner prior to his re-entering the service on the 27th day of December, 1869. If he had been allowed on his first warrant as gunner, for his previous service of six years and forty days as an enlisted man, he would have received, as the result of such credit, the sum of $1393.40, the amount of the judgment below, exclusive of the thirty-three and one-third per centum increase under General Order, No. 75, of May 26, 1866.

Between the date of his resignation on April 14, 1868, and his reappointment as gunner, December 27, 1869, the plaintiff held no position in the navy.

The longevity act of 1883, (the addition to the act of 1882 being shown by italics,) under which the present claim is made, provides that "all officers of the navy shall be credited with the actual time they may have served as officers or enlisted men in the regular or volunteer army or navy, or both, and shall receive all the benefits of such actual service in all respects in the same manner as if all said service had been continuous and in the regular navy *in the lowest grade having graduated pay held by such officer since last entering the service: Provided,* That nothing in this clause shall be so construed as to authorize any change in the dates of commission or in the relative rank of such officers: *Provided, further, That nothing herein contained shall be so construed as to give any additional pay to any such officer during the time of his*

*service in the volunteer army or navy.*" 22 Stat. 284, 287, c. 391 ; 473, c. 97.

*Mr. Assistant Attorney General Howard* and *Mr. F. P. Dewees* for appellants.

*Mr. Robert B. Lines* and *Mr. John Paul Jones* for appellee.

MR. JUSTICE HARLAN, after stating the case, delivered the opinion of the court.

There is no claim that the plaintiff did not receive, on his first warrant as gunner, that is, for the whole period of his first continuous service in that position, all the compensation to which he was entitled as gunner, under the law as it was during that period. And it is found, in effect, that he has received credit, on his second warrant as gunner, for the actual time of his entire service prior to December 27, 1869, both as enlisted man and gunner, counting such service as if it had been continuous and in the regular navy in the lowest grade, having graduated pay held by him after he re-entered the service, that is, in the grade of gunner. In our judgment, he is not entitled to more under existing legislation. The acts of 1882 and 1883 do not require or authorize a restatement of the pay accounts of an officer of the navy who served in the regular or volunteer army or navy, so as to give him credit *in* the *grade* held by him, *prior* to their passage, for the time he served in the army or navy before reaching that grade. Congress only intended to give him credit *in* the *grade* held by him, *after those acts took effect*, for all prior services, whether as an enlisted man or officer, counting such services, however separated by distinct periods of time, as if they had been continuous and in the regular navy in the lowest grade having graduated pay held by him since last entering the service; and that credit has been given to the plaintiff. In this view, the conclusion reached by the Court of Claims was erroneous.

*The judgment is reversed with directions to dismiss the petition.*