Richardson, Cli. J.,
delivered the opinion of the court:
The claimant, an officer of the Navy, brings this action to recover the additional pay to which he alleges that he is entitled under the following provisions of the Act of March 3,1883, chapter 97 (22 Stat. L., 473):
“And all officers of the Nary shall be credited with the actual time they may have served as officers or enlisted men in the regular or volunteer Army or Navy, or both, and shall receive all the benefits of such actual service in all respects in the same manner as if all said service had been continuous and in the regular Navy in the lowest grade having graduated pay held by such officer since last entering the service:
“ Provided, That nothing in this clause shall be so construed as to authorize any change in the dates of commission or in the relative rank of such officers:
“Provided further, That nothing herein contained shall be so construed as to give any additional pay to any such officer during the time of his service in the volunteer Army or Navy.”
From July 16, 1862, when the claimant entered the service, line officers of the Navy received, under the Act of July 16, 1862, chapter 183 (12 Stat. L., 586), no additional pay for length of service until the passage of the Act of July 15,1870, chapter 295, section 2 (16 id., 330, now Rev. Stat., § 1556). From June 30, 1870, by the latter act, $200 a year additional has been allowed to lieutenant-commanders after four years from date of commission, and the same amount to lieuteuants, masters, and ensigns after five years from date of commission.
• It may be noticed that the length of service which gives additional pay to officers of the Army counts from their first entry into service, and the pay is increased every five years until it reaches 40 per cent, of their grade, or, in the case of a colonel, to $4,000 (Rev. Stat., §§ 1262, 1263, 1267; act of June 18, 1878, ch. 263, 7; Tyler's Case, 16 C. Cls. R., 223), while the length of service which gives additional pay to officers of the Navy counts only from the date of commission and begins anew with each commission, ánd'the officers of the line have but one increase of pay for length of service. (Rev. Stat., § 1556.)
That additional pay was expected to follow the credit for length of service is evident from the last proviso, which is that “nothing herein contained shall be so construed as to give any additional pay to any such officer during the time of his service in the volunteer Army or Navy," thus implying that it was to be *338 given in other cases, and so the act has been construed by accounting officers.
The provisions of the act of 1883 seem, to have been enacted for the purpose of giving to all officers in the regular Navy, since last entering the service, in the grade first held by them then having graduated pay, credit for all their previous service in the Army or Navy, or both, regular or volunteer, and whether continuous or not, in order that while they remained in such grade they should have the additional pay then allowed for length of service.
The claimant served three years four months and twenty-three days in the volunteer Navy as acting master, lieutenant, and lieutenant-commander, when he was honorably discharged December 8,1865. He last entered the service March 12,1868, and has served continuously ever since in different grades. First he was acting master from November 19,1866, to March, 1868, and then master till December 18,1868, two years and twenty-nine days. At that time the grade of master had no graduated pay. From December 18, 1868, he served as lieutenant, for which grade as well as that of master graduated pay was first established by the Act of July 15, 1870, chapter 295, section 3 (now Rev. Stat., § 1556).
Therefore the lowest grade having graduated pay when held by the claimant since last entering the service was that of lieutenant. Credit under the act of 1883, for previous service, which was more than five years, must be given to him in that grade. Turning to the pay acts in force at that time we find that such credit would entitle him to no additional pay until July 1, 1870, from which time, under the act of July 15 of that year, he would be entitled to $200 a year additional to his regular pay for length of service. He was in fact so paid, under the pay law then in force, after five years’ service in that grade from December 18,1873, till he was promoted, February 26, 1878.
But he has not been paid for additional pay accruing from the act of 1883, from July 1,1870, to December 18,1873, which amounts to $691.60.
This is the only reasonable and sensible interpretation which we can give to the act of 1883, and, as was said by Mr. Justice Field in United States v. Kirby (7 U. S. R., 486), “all laws should receive a sensible construction.”
*339 Other intrepretations have been suggested which we cannot adopt. The act provides that all’officers “shall be credited with the actual time they have served as officers and enlisted men and shall receive all the benefits of such actual service in •all respects and in the same manner as if all said service had been continuous in the regular Navy in the lowest grade held by them having graduated pay held by such officer since last entering the service.”
The strict letter of this language would include credit for length of service after leaving the grade first held with graduated pay, as well as services before entering that grade. But we understand the act to deal with the credit for length of service as it might have been given when the grade having graduated pay was first held, and of course subsequent service -could not then have been reckoned, and the claimant does not ask for that construction.
Again it is suggested that in order to give 'the officer all the benefits of such actual service as though it had been in the .grade to which it is to be credited, as the language of the act provides, he ought to have the full salary of that grade for the whole time, back to his re-entry into the regular Navy, although he might have held during that time a lower grade having less pay. But a sensible and reasonable view of the act is that it deals with credit for length of service and the additional pay which arises therefrom, and not with the matter of regular salary ; and thus it appears to have been understood by all parties.
But it is claimed for the defendants that the credit for length of service under the act of 1883 should be given in the lowest grade having graduated pay by the then existing law which the claimant held since last entering the service, although when it was held by him it had no graduated pay. This construction we do not adopt.
The pay acts apply only to the grades held by officers while such acts were in force. To give credit for previous length of service in a grade which did not have graduated pay when held by an officer, merely because it did have graduated pay under a subsequent law when he did not hold it, and when such credit could confer no benefit, would require an unreasonable construction of the act, which should not be adopted if there be the slightest ambiguity or doubt.
The act of 1883 seems to deal with the status of the officers *340 while they were passing through the different grades held by them, both as to credit for length of service and as to pay which may be affected by such credit. As the law in force when officers held their different grades must regulate their pay, and as that law is not changed by the act of 1883, so the credit for length of service must be held to relate to the same period of time; that is, the time in which the grades were actually held.
The claimant will have judgment for $691.60.