## UNITED STATES *v.* ROCKWELL.

APPEAL FROM THE COURT OF CLAIMS.

Submitted December 6, 1886. — Decided January 10, 1887.

Under that clause in the act of March 3, 1883, 22 Stat. 473, which provides for crediting an officer of the navy with his time of service in the regular or volunteer army or navy, or both, in the same manner as if all the service "had been continuous, and in the regular Navy in the lowest grade, having graduated pay held by" him "since last entering the service," officers are entitled to be credited as of the lowest grade with graduated pay held by them after reëntering the service, and not as of a still lower grade in which they may actually have served, but to which no graduated pay was attached when the act of July 15, 1870, took effect.

THE case is stated in the opinion of the court.

*Mr. Attorney General* and *Mr. F. P. Dewees* for appellant.

*Mr. John Paul Jones* and *Mr. Robert B. Lines* for appellees.

MR. JUSTICE HARLAN delivered the opinion of the court.

The appellee Rockwell served in the volunteer Navy as acting master from July 15, 1862, to December 16, 1862; as lieutenant from December 16, 1862, to April 29, 1865; as lieutenant-commander from April 29, 1865, to December 8, 1865, when he was honorably discharged; and as acting master from November 19, 1866, to March 12, 1868; in the regular Navy, as master from March 12, 1868, to December 18, 1868; as lieutenant from December 18, 1868, to February 26, 1878; and as lieutenant-commander from February 26, 1878, to March 3, 1883. He was paid for his services in those several positions in accordance with the laws in force at the time they were performed. But he claims, in this action, additional pay under the act of March 3, 1883, making appropriations for the naval service for the year ending June 30, 1884. 22 Stat. 472, 473, c. 97. He obtained judgment, and upon this appeal the government questions the construction placed by the court below upon that act.

The act of August 5, 1882, making appropriations for the naval service for the year ending June 30, 1883, and for other purposes, provides: "And all officers of the navy shall be credited with the actual time they may have served as officers or enlisted men in the regular or volunteer navy, or both, and shall receive all the benefits of such actual service in all respects in the same manner as if all said service had been continuous, and in the regular navy: *Provided*, that nothing in this clause shall be so construed as to authorize any change in the dates of commission or in the relative rank of such officers." 22 Stat. 284, 287, c. 391.

Very soon after the passage of that act it became necessary for the Second Comptroller of the Treasury to determine, for his office, its full scope and effect. One James Nash had been appointed a boatswain in the regular navy on the 7th of May, 1867. Prior to that time, from July 30, 1862, to April 16, 1866, he served as master's mate and acting gunner. He claimed, under the act of August 5, 1882, that, in ascertaining his rate of pay as boatswain, he should be credited with his former services as master's mate and acting gunner. As the pay of boatswain, prior to August 5, 1882, was fixed by the Revised Statutes (§ 1556) at certain rates "during the first three years after date of appointment," and at certain other designated rates during the second, third, and fourth "three years after such date," the Second Comptroller was of opinion that the services performed by Nash, in any other capacity than that of boatswain, could not be counted in determining his rate of pay even had such services been continuous and in the regular navy. And since that act provided that officers should receive the credit and the benefit of services, "in all respects in the same manner as if all said services had been continuous and in the regular navy," that officer held that to credit Nash with the time of his service as master's mate and acting gunner would be inconsistent with those provisions of the statute fixing the salary of officers, and making the rate of pay dependent on the period of service in their particular grades. Senate Ex. Doc. 107, 48th Cong., 1st Session.

After this interpretation of the act of 1882, Congress, in the

Naval Appropriation Act of March 3, 1883, modified, in some degree, the principle upon which officers of the navy should be credited with the time they served in the volunteer army and navy. The latter act provides (the additions to the act of 1882 being shown by italics) that "all officers of the navy shall be credited with the actual time they may have served as officers or enlisted men in the regular or volunteer army or navy, or both, and shall receive all the benefits of such actual service, in all respects, in the same manner as if all said service had been continuous and in the regular navy *in the lowest grade having graduated pay held by such officer since last entering the service:* Provided, that nothing in this clause shall be so construed as to authorize any change in the dates of commission or in the relative rank of such officers: *Provided, further, that nothing herein contained shall be so construed as to give any additional pay to any such officer during the time of his service in the volunteer army or navy."* 22 Stat. 473, c. 97.

While Congress did not, by the last act, give an officer in the regular navy additional pay "during the time of his service in the volunteer army or navy," it did give him the benefit of previous service in either, as if all of such service had been continuously rendered in the regular navy "in the lowest grade having graduated pay held by such officer since last entering the service." What, within the meaning of the statute, was the lowest grade having graduated pay held by Rockwell after he last entered the service? He reëntered the service as master in the regular navy on March 12, 1868. He was promoted to the position of lieutenant on December 16, 1868. The positions of master and lieutenant did not, at either of those dates, have "graduated pay" attached to them. Their annual compensation was fixed by statute, and was not, during the period of his service as master, or when he became a lieutenant in the regular navy, subject to be increased by length of previous service in any particular grade. But, by the act of July 15, 1870, 16 Stat. 321, 330, c. 295, now § 1556 Rev. Stat., the pay for lieutenants and masters in the navy was graduated according to length of service in such positions. Under that act, the salary of a lieutenant, during the first five years after

date of commission, when at sea, is $2400; when on shore duty, $2000; and when on leave or waiting orders, $1600. Masters, during the first five years from date of commission, are allowed annually, when at sea, $1800; when on shore duty, $1500; and when on leave or waiting orders, $1200. In the case of each of those officers this annual salary, after the expiration of the first five years, is increased by $200 for the different kinds of service performed.

When the act of July 15, 1870, took effect, Rockwell still held the position of lieutenant. But at the passage of the act of March 3, 1883, he was lieutenant-commander, the pay of which position was likewise graduated, by the act of 1870, according to length of service. It thus appears that when the rule of graduated pay was applied by the act of 1870 to lieutenants, masters, and other officers of the navy, Rockwell held the position of lieutenant. That was not the lowest grade held by him after "last entering the service;" but it was the lowest held by him after the pay of officers of the navy was graduated by the act of 1870 according to length of service. In other words, it was the lowest position held by him after that act took effect. It seems to the court clear that the actual time of appellee's previous service must be credited to the grade of lieutenant — that being the lowest grade held by him after the act of 1870 took effect, having graduated pay attached to it by that act — and not to the grade of master, which, although the lowest held by him after last entering the service, was not graduated, in respect to pay, until after he had ceased to hold it. Such we understand to be the view taken by the court below. That interpretation of the statute meets our approval, and the judgment is

*Affirmed.*