Davis, J.,
delivered the opinion of the court.
The facts in this case are precisely similar to those in the case of Philbrick, decided by this court at the last term (21 C. Cls. B., 511), and affirmed on appeal by the Supreme Court (120, U. S. B., 52). It is urged that one point in the Philbrick Case, which also is presented in the case at bar, was not in fact considered by the court, although judgment was entered here and affirmed above for the full amount claimed.
General Order No. 75, issued by the Secretary of the Navy May 23, 1866, fixed the allowance to officers of the Navy for rent of quarters, for furniture, for light, and for fuel. This order was held by the accounting officers to be unauthorized, and in computing claimant’s longevity pay they deducted the sum of $1,112.75 on account of payments made him in lieu of commutation of quarters, &c., between the date of his commission as paymaster and June 30,1870. This deduction is not now in question, the decision in Philbriek’s Case having clearly decided it to be erroneous. A further sum of two hundred and six dollars and four cents ($206.04) would have accrued to claimant on account of the allowance for commutation of quarters, &e., between the said dates had he then been given credit for prior service. That is, the percentage allowed by the Secretary of the Navy, under Order No. 75, was computed upon the pay then in fact being received by the claimant, and it is .contended on his behalf that as he is entitled to the benefits of the longevity pay act of March 3, 1883, the further sum of $206.04 would have accrued to him under said general order if he had at that time been credited with his prior service. Stated in another way, the allowance should be calculated by taking the prescribed percentage, not of the pay actually being received by claimant at the time the order was in force, but of the pay which he has since been allowed under the longevity pay act. (Rockwell v. The United, States, 21 C. Cls. R., 332; affirmed on appeal, 120 U. S. R., 60; and Philbrick’s case, supra.
*304 Parallel facts were before the court iu the Philbrick Case, where the claim was made up of two items the same in character, the first for $169.50, the second for $45.38, corresponding to the amounts here of $1,112.75 and $206.04. The Supreme Court affirmed Philbrick’s right to the total sum claimed by him; but it is urged that the point now made as to the second item was not pressed upon that tribunal, and did not receive their consideration. In support of this position we are referred to the following statement in the opinion: “In respect to the item of $169.50, which is the only one disputed on this appeal,” &c.
The defense allege that before the Supreme Court they contended only that General Order No. 75 was unauthorized and illegal; that if the position of the Government had been sustained, theD the whole controversy would have ended; whereas the converse of the proposition is not true, and the legality of the order being established, it does not follow that the claimant is entitled to the second item claimed by him.
There is'no dispute as to the fact that if claimant, between February 1,1868, and June 30,1870, when General Order 75 ceased to exist, had been given credit for prior service, and the allowance percentage had been calculated upon this increased sum, he would have received what he now claims. This was also true in the Philbrick Case. The petition in that case claimed separately the item like that now in dispute; claimant’s brief in both courts contained a statement in regard to it, as did defendant’s requests here. The fifth finding of fact made by this court reads as follows;
“If claimant had been credited on his warrant as an officer of the regular Navy with his prior service as a volunteer, the sum of $25.46 would have accrued to him after deducting internal-revenue tax on account of the allowance, authorized by the general order between November 12,1869, and June 30, 1870, in addition to the sums deducted in the settlement of September 8,1884.”
On appeal defendants assigned as error—
“1. In deciding as a conclusion of law based on the facts as found that the claimant is entitled to recover the money withheld by the accounting officers in the settlement of his account, to wit, the sum of $214.88.”
Finally, the Supreme Court in their opinion alluded to the disputed item, and affirmed the judgment entered here for the *305 total amount. We are therefore of opinion that the question was considered by the Supreme Court, and that they reached the conclusion that, the legality of the general order once established, both items of the claim should be allowed.
Judgment for claimant for $1,318.79.