Richardson, Ch. J.,
delivered the opinion of the court:
The claimant founds his action upon the following acts of Congress:
“ And all officers of the Navy shall be credited with the actual time they have served as officers or enlisted men in the regular or volunteer Army or Navy, or both, and shall receive all the benefits of such actual service in all respects, in the same manner, as if all said service had been continuous and in the regular Navy: Provided, That nothing in this clause shall be so construed as to authorize any change in the dates of commission, or in the relative rank of such officers. (August 5, 1882, ch. 391, 22 Stat. L., 287.)
of the Navy shall be credited with the actual time they may have served as officers or enlisted men in the regular or volunteer Army or Navy, or both, and shall receive all the benefits of such actual service in all respects, in the same manner, as if all said service had been continuous and in the regular Navy, in the lowest grade having graduated pay held by such officer, (since last entering the service: Provided, That nothing in this clause shall be so construed as to authorize any chauge iu the dates of commission, or in the relative rank of such officers: Provided further, That nothing herein contained shall be so construed as to give any additional pay to any such officer during the time of his service in the volunteer Army or Navy. (March 3,1883, ch. 97, 22 Stat. L., 473.)”
The argument in his behalf rests mostly on the act of 1882, which it is contended gives him rights not taken away or modified by the act of 1883. There is no express’ repeal of. the *381 former, and it is in force unless superseded and repealed by implication by tbe latter act.
Mr. Justice Field, in tbe case of United States v. Tynen (11 Wall., 88), speaking for the Supreme Court, thus states tbe rule as to repeals by implication:
“ When there are two acts on tbe same subject tbe rule is to give effect to both, if possible. But if the two are repugnant in any of their provisions, the latter act, without any repealing clause, operates to the extent of the repugnancy as a repeal of the first.
“ And even where two acts are not in express terms repugnant, yet if tbe latter act covers the whole subject of the first, and embraces new provisions plainly showing that it was intended as á substitute for the first act-, it will operate as a repeal of that act.”
' That decision has been cited, approved, and followed as enunciating the true principle of interpretation in Murdoch v. Memphis (20 Wall., 617), King v. Cornell (106 U. S., 395), United States v. Auffmordt (19 Fed. Rep., 897), and numerous other cases.
In the present case the clauses of both acts are on the same subject, the latter covering the whole of the former, with two limitations added.
The whole language of the first, word for word, is reproduced in the second, and the only difference between the two consists in the words of tbe latter which we have put in italics.
We can best express our views by adopting the language of Mr. Justice Miller in Murdoch v. Memphis (20 Wall., 617) and applying it to the present statutes.
“ A careful comparison of these two [sections] [clauses] can leave no doubt that it was the intention of Congress, by the latter statute, to revise the entire matter to which they both had reference, to make such changes in tbe law as it stood as they thought best, and to substitute their will in that regard entirely for the old law upon the subject. We are of opinion that it was their intention to make a new law so far as the present law differed from tbe former, and that tbe new law, embracing all that was intended to be preserved of the old, omitting what was not so intended, became complete in itself and repealed all other law on the subject embraced within it. The authorities on this subject are clear and uniform.”
Tbe act of 3882 merely offered to officers of the Navy a gratuity, entirely wanting in essential elements of contract or of vested right, and Congress might withdraw or modify the *382 offer at any time before consummation by payment. That act and the offer therein contained having been modified by the second act, before this action was commenced, the claimant’s rights must depend wholly upon the latter provision of law,, and we shall so treat the case.
The claimant was appointed acting assistant paymaster in the volunteer Navy, January 30, 18G4; assistant paymaster, March 2,1867 ; passed assistant paymaster, February 10,1870; and paymaster in the regular Navy, May 29, 1882, and has been continuously in the Navy from his first appointment to the present time.
Bach one of these grades had graduated pay when held by him, and he has received all the longevity pay on that account to which he was entitled under the Acts of July 17, 1861 (12 Stat. L., 258), and March 2, 1867, chapter 197, section 3 (14 Stat. L., 516).
Nothing is now demanded as mere longevity pay. It was conceded at the argument that the claimant can not recover anything unless the statute is to be interpreted, as he urges, as giving to him the sums — salary and allowances — which he would have received had he entered the regular Navy when he entered the volunteer Navy and been promoted from time to time to higher grades under the rules of promotion provided by Revised Statutes, sections 1380, 1458, 1496, and the previous acts embodied therein.
In our opinion the act of 1883 does not admit of the interpretation thus presented. Whatever ambiguity may have existed ou that point in the act of 1882 was removed, we think, by the additional provisions or limitations incorporated into the act of 1883, which is the only one we are now dealing with.
The judicial decisions heretofore made in cases arising under that act have proceeded dp on the ground that to each officer of the Navy there should be credited in the lowest grade having graduated pay when held by him since last entering the service the actual time he may have previously served as an officer or enlisted man in the regular or volunteer Army or Navy, or both, and that he should receive all the benefits of such actual service so credited in the same manner as though all such service had been continuous and in the regular Navy in such lowest grade (Rockwell's Case, 21 C. Cls. R., 332); affirmed on appeal (120 U. S. R., 60), Hawkin's Case, 19 C. Cls. R., 611; Foster’s Case, 23 C. Cls. R., 90).
*383 In neither of those cases was it claimed as now, or suggested, that an officer was entitled to any additional money benefit by adding' his term of service in the lower grades not having graduated pay, to his time of service in any and all the grades having graduated pay subsequent to the first held by him since entering the Navy.
The effect of the act, as interpreted by those decisions, and as we understand it, is to lengthen the time of service in such loioest grade having graduated pay, by crediting thereto all previous service, for the purpose of increasing longevity pay in that grade only. The higher, grades are neither mentioned nor referred to in the act, and are in no way to be considered with reference to it.
The claimant has been in the Navy, volunteer and regular, since 1S64, in various grades, all having graduated pay. He seeks to have credited to him all the time of his service in all these grades added together, and to be allowed the pay, salary, and emoluments which he would have been entitled to in each of the grades which he might have held had he been regularly promoted and appointed from time to time under existing law.
If it were possible to solve the complicated problem of promotion which he might have had, involving, as it does, the promotion of many other officers above and below him in rank, who would in like manner be affected by the provisions of the statute, and whose promotion, dependent upon previous service not proved in this case, would materially affect his own, we are clearly of opinion that the interpretation of the statute upon which'the claim is founded is not sound and can not be adopted. The statute expressly provides that the actual service therein mentioned and the benefits arising therefrom shall be credited in but one grade and that one the lowest'grade held by him having graduated pay since last entering the service, while he is seeking to obtain benefits from the act throughout all the different grades which he held, or might have held, upon his theory of promotion.
In our opinion, as before stated, the act has no reference to benefits derived from promotion to different grades, but is confined in its money benefits to one grade, the lowest grade having graduated pay$ and that benefit can be nothing else than longevity pay on account of length of previous service.
The petition must be dismissed.