## BARTON v. UNITED STATES.

APPEAL FROM THE COURT OF CLAIMS.

No. 1184.   Submitted January 2, 1889. — Decided January 21, 1889.

The act of March 3, 1883, c. 97, 22 Stat. 473, relating to longevity pay, deals with credit for length of service and the additional pay which arises therefrom, and not with the matter of regular salary; and it has no reference to benefits derived from promotions to different grades, but is confined to the lowest grade having graduated pay.

THE Court of Claims dismissed the claimant's petition where-upon he took this appeal.   The case is stated in the opinion.

Mr. George S. Boutwell for appellant.

Mr. Attorney General, Mr. Assistant Attorney General Howard, and Mr. F. P. Dewees for appellees.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

This is an appeal from a judgment of the Court of Claims finding in favor of the United States, and dismissing the petition of the claimant, Barton.

The findings of fact and conclusion of law were as follows:

"I. The claimant was appointed acting assistant paymaster in the volunteer navy of the United States, January 30, 1864; assistant paymaster, March 2, 1867; passed assistant paymaster, February 10, 1870; and paymaster in the regular navy, May 29, 1882. He has been continuously in the navy from his first appointment to the present time.

"II. He has received the salary and graduated or longevity pay allowed by the act of July 17, 1861, 12 Stat. 258, and the act of March 2, 1867, c. 197. § 3, 14 Stat. 516, now Rev. Stat. 1412, and the benefit of all laws in force during the time he has held the offices mentioned in the preceding finding, except that he has received no additional benefits under the

acts of August 5, 1882, c. 391, 22 Stat. 287, and March 3, 1883, c. 97, 22 Stat. 473.

"III. If he be entitled under said last-mentioned acts of 1882 and 1883 to allowance for the sums which he would have received had he entered the regular navy when he entered the volunteer navy, and had he been promoted from time to time, under the rule of promotion provided by the Revised Statutes, §§ 1380, 1458, 1496, and the previous statutes embodied therein, the defendant would be indebted to him to an amount which, for reasons which appear in the opinion, we do not compute.

" *Conclusion of Law.*

"Upon the foregoing findings of fact the court decides, as a conclusion of law, that the claimant is not entitled to recover, and his petition must be dismissed."

The acts of Congress of 1882 and 1883 read thus:

"And all officers of the navy shall be credited with the actual time they may have served as officers or enlisted men in the regular or volunteer army or navy, or both, and shall receive all the benefits of such actual service in all respects in the same manner as if all said service had been continuous and in the regular navy: *Provided,* That nothing in this clause shall be so construed as to authorize any change in the dates of commission or in the relative rank of such officers." Act of August 5, 1882, c. 391, 22 Stat. 287.

"And all officers of the navy shall be credited with the actual time they may have served as officers or enlisted men in the regular or volunteer army or navy, or both, and shall receive all the benefits of such actual service in all respects in the same manner as if all said service had been continuous and in the regular navy, *in the lowest grade having graduated pay held by such officer since last entering the service: Provided,* That nothing in this clause shall be so construed as to authorize any change in the dates of commission or in the relative rank of such officers: *Provided, further, That nothing herein contained shall be so construed as to give any additional pay to any such officer during the time of his service in the volunteer army or navy."* . Act of March 3, 1883, c. 97, 22 Stat. 473.

Under the provisions of the act of July 17, 186.., entitled " An act to provide for the appointment of assistant paymasters in the navy," 12 Stat. 258, assistant paymasters were entitled to receive graduated pay. And under the provisions of § 3 of the act of March 2, 1867, 14 Stat. 516, Rev. Stat. § 1412, Barton received a credit as assistant paymaster for three years and thirty-one days' service in the volunteer navy as acting assistant paymaster, and his second five years' service in the regular navy commenced after the expiration of the five years preceding, including therein the volunteer service; and he has consequently received all the benefits, under the longevity pay acts, of his whole service, " as if all such service had been continuous and in the regular navy."

But he contends that if he had been appointed in the regular navy January 30, 1864, he would have been promoted from time to time earlier than he was and that he is entitled to pay in the several grades of service as if he had received such earlier promotion. And by his petition he claims that the difference between what he has received and what he would have received if he had been commissioned as assistant paymaster January 30, 1864, when he entered the volunteer navy, amounts to $7672.40, made up of the differences of pay in the several grades if he had attained them as early as he believes he would if his service had commenced in the regular navy.

The argument is, that under the act of 1883, which amended and superseded that of 1882, officers so situated as Barton, while denied rank and commissions under the statute, have the right to the pay of the several grades they might have reached if their appointments in the regular navy are treated as having been made at the date of their entry into the volunteer service.

We cannot concur in this interpretation of the act, which, in our opinion, deals with credit for length of service and the additional pay which arises therefrom, and not with the matter of regular salary, and has no reference to benefits derived from promotion to different grades, but is confined to the lowest grade having graduated pay.

It was upon this view that it was held in *United States* v.

*Rockwell,* 120 U. S. 60; that the effect of the act was to lengthen the time of service in the lowest grade, having graduated pay, by crediting all previous services for the purpose only of increasing longevity pay in that grade.

It follows that the Court of Claims was right in its conclusion in the premises, and we need not enter upon the consideration of what the learned Chief Justice of that court correctly terms "the complicated problem of promotion which he [Barton] might have had, involving, as it does, the promotion of many other officers above and below him in rank, who would in like manner be affected by the provisions of the statute, and whose promotion, dependent upon previous service not found in this case, would materially affect his own."

The judgment appealed from is

*Affirmed.*