Nott, J.,
delivered the opinion of the court:
This is an action brought by a naval officer to -recover longevity pay. The single question presented by the case is whether this longevity pay shall be computed on one grade or on another.
On the 1st July, 1870, the claimant was a lieutenant in the Navy; on the 15th he was a lieutenant-commander; between these two dates, viz, on the 3d July, he had passed from the one position to the other by promotion; that is to say, he had ceased to be a lieutenant and had become a lieutenant-commander.
On the 3d July, when the claimant thus exchanged offices, neither had attached to it what is known as longevity or *303 graduated pay; but' on the 15th of the same month Congress, passed an act — the Naval Appropriation Act, 15th July, 1870 (16 Stat. L., 321, § 3) — which attached graduated pay to both. The office of lieutenant-commander, consequently, was the first grade having graduated pay ever held by the claimant, and the lowest.
On the 3d of March, 1883, Congress enacted another law, which is the statutory foundation of the claimant’s right of action, the Naval Appropriation Act, 3d March, 1883 (22 Stat. L., pp. 472, 473, § 1). This act declares that certain officers shall be credited with the actual time they have served, and shall receive all the benefits of actual service as if it had been continuous, and in the regular Navy; but this computation of actual time is to be limited to and based upon “ the lowest grade having graduated pay held by such officers since last entering the service.” As we have previously seen, “ the lowest grade having graduated pay held ” by the claimant was that of lieutenant-commander, a grade which he had acquired on the 3d July, 1870, and to which graduated pay was attached after he acquired the office, viz, on the 15th of that month.
If, then, the grade of lieutenant-commander was “ the lowest grade having graduated pay” ever held by the claimant; or, conversely, if there was no lower grade having graduated pay attached to it which the claimant had previously held and received the benefit of, why does not the grade of lieutenant-commander precisely answer to and comi>ly with the requirements and conditions of the act of 1883?
The negative answer to this question, suggested by the accounting officers of the Treasury, is to be found in the opening sentence of the third section of the Act 15th July, 1870, the statute which first attached graduated pay to both of tnese X>ositions. It is in these words:
“ From and after the thirtieth day of June, eighteen hundred and seventy, the annual pay of the officers of the Navy on the active list shall be as follows.” (16 Stat., 330.)
No better illustration can be found of the tireless vigilance and minute scrutiny which watch over the innumerable claims and demands that beset the Treasury than this application of these two lines to this officer’s claim for his statutory compensation. But while the court does appreciate and commend the vigilance and the scrutiny which thus watch over the interests *304 of the Government, in at least one of its Executive Departments, it can not hold that a provision which made the new-pay of all naval officers begin to run from a designated day, whether antecedent or prospective, can modify the plain language of the act of 1883. That act declares that an officer’s graduated pay shall be computed according to “the lowest grade having graduated pay held” by him : and the Supreme Court has decided that this means having graduated pay attached to the office at the time the officer held it, and not “after he had ceased to hold it.” (Rockwell's Case, 120 U. S. R., 60.)
Whether the graduated pay was attached to the office of lieutenant in the Navy by immediate legislation or by prospective legislation or by retroactive legislation is immaterial if it was not attached until after the officer had ceased to be a lieutenant; and conversely, if the office of lieutenant-commander was the lowest grade held by the officer which had graduated pay attached to it at the time when he held it, it is the grade referred to in the act of 1883 upon which his graduated pay must be computed.
The judgment of the court is that the claimant recover of the defendant the sum.of $796.08.